# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:12CR00038-1 |
| v. | ) **OPINION** |
| **GREGORY BRANDON HOLT,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Gregory Brandon Holt, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

I.

I entered Holt's criminal judgment on December 18, 2012, sentencing him to, inter alia, 150 months' incarceration after Holt, with counsel, pleaded guilty to conspiring to distribute fifty grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B) and § 846. Counsel allegedly did not follow Holt's subsequent instruction to file a notice of appeal.

Holt commenced this collateral attack no earlier than June 12, 2014.[1] The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Holt argues that I should consider the § 2255 motion to be timely filed because he was transferred to different correctional facilities after the sentencing hearing and did not have access to a law library until May 2013.

II.

Federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[1] Holt signed an affidavit on June 12, 2014, alleging that he did not know whether counsel had filed a notice of appeal on his behalf and asked for leave to file a belated appeal. On June 18, 2014, I notified Holt that I intended to construe the affidavit as a motion pursuant to 28 U.S.C. § 2255. In response, Holt filed a form § 2255 motion on June 27, 2014, which I treat as relating back to the earliest date Holt could have handed his affidavit to prison officials for mailing. *See* Rule 3, R. Gov. § 2255 Proceedings (discussing prison mailbox rule for § 2255 motions); Fed. R. Civ. P. 15(c) (discussing relating back to previously filed documents); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro se pleadings).

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Holt's criminal judgment became final in January 2013 when the time expired to appeal. *See United States v. Clay*, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Holt had until January 2014 to timely file a § 2255 motion, but he did not commence this collateral attack until June 2014.

Holt argues that his motion should be considered timely filed under § 2255(f)(4) because he told counsel to file an appeal on the same day he was sentenced, did not know anything about the time limit for an appeal, and relied on counsel to file the notice of appeal. Holt fails to establish the date upon which he discovered that counsel failed to note an appeal, and he does not explain either why he needed to wait until he had law library access to verify if counsel filed the appeal or why he waited thirteen months after having access to a law library to file the § 2255 motion. Also, I told Holt at the conclusion of the sentencing hearing, "Any notice of appeal must be filed within 14 days of the entry of judgment. . . . If requested, the clerk will prepare and file a notice of appeal on behalf [of] the defendant." (Tr. 14, Dec. 18, 2012, ECF No. 49.) Consequently, Holt fails to

establish that he exercised due diligence to discover his claim. Therefore, I find that § 2255(f)(1) is the appropriate limitations period, and Holt filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Holt pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion.[2] *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Holt filed his § 2255 motion beyond the one-year limitations period, Holt is not entitled to equitable tolling, and the § 2255 motion must be denied.

---

[2] I also do not find any good cause or excusable neglect to grant Holt's motion for a belated appeal. *See* Fed. R. App. P. 4(b)(4).

III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

    DATED: November 12, 2014

    /s/ James P. Jones
    United States District Judge